# 21-2939-cv

# United States Court of Appeals
## for the
## Second Circuit

───────────────────────────

CHARLES OAKLEY,

*Plaintiff-Appellant,*

v.

JAMES DOLAN, in his individual capacity, in his professional capacity, MSG NETWORKS, INC., MADISON SQUARE GARDEN COMPANY, MSG SPORTS & ENTERTAINMENT, LLC,

*Defendants-Appellees.*

───────────────────────────

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

───────────────────────────

**BRIEF FOR DEFENDANTS-APPELLEES IN OPPOSITION TO MOTION BY NEW YORK STATE TRIAL LAWYERS ASSOCIATION TO FILE *AMICUS CURIAE* BRIEF**

───────────────────────────

Randy M. Mastro
Akiva Shapiro
Declan T. Conroy
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 351-2427
Fax: (212) 351-6227
rmastro@gibsondunn.com

*Attorneys for Defendants-Appellees*

## TABLE OF CONTENTS

Page(s)

INTRODUCTION ...................................................................................................1

LEGAL STANDARDS ..........................................................................................2

ARGUMENT ..........................................................................................................3

    I.     NYSTLA'S PROPOSED AMICUS BRIEF IS DUPLICATIVE
          OF OAKLEY'S BRIEF ...............................................................................3

    II.    NYSTLA'S PROPOSED AMICUS BRIEF DOES NOT
          OFFER ANY UNIQUE PERSPECTIVE APART FROM
          THAT OF OAKLEY AND HIS COUNSEL .........................................7

CONCLUSION .....................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aldridge v. City of Warren*,
   682 F. App'x 461 (6th Cir. 2017) ................................................................. 5

*Anderson Grp., LLC v. City of Saratoga Springs*,
   805 F.3d 34 (2d Cir. 2015) ........................................................................... 6

*Angulo v. Brown*,
   978 F.3d 942 (5th Cir. 2020) ....................................................................... 5

*Georgia v. Ashcroft*,
   195 F. Supp. 2d 25 (D.D.C. 2002) .............................................................. 8

*Glassroth v. Moore*,
   347 F.3d 916 (11th Cir. 2003) ..................................................................... 6

*Kalfus v. N.Y. & Presbyterian Hosp.*,
   476 F. App'x 877 (2d Cir. 2012) .................................................................. 4

*Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*,
   149 F.R.D. 65 (D.N.J. 1993) ..................................................................... 10

*Marcavage v. City of New York*,
   689 F.3d 98 (2d Cir. 2012) .......................................................................... 4

*Millea v. Metro-N. R.R. Co.*,
   658 F.3d 154 (2d Cir. 2011) ........................................................................ 6

*Nat'l Org. for Women, Inc. v. Scheidler*,
   223 F.3d 615 (7th Cir. 2000) ....................................................................... 3

*Patterson v. Johnson*,
   2021 WL 4200699 (S.D.N.Y. Aug. 18, 2021) ............................................. 4

*Scott v. Harris*,
   550 U.S. 372 (2007) .................................................................................... 4

*Smith v. United States*,
   843 F.3d 509 (D.C. Cir. 2016) .................................................................... 5

# TABLE OF AUTHORITIES
*(continued)*

Page(s)

*Strasser v. Doorley*,
    432 F.2d 567 (1st Cir. 1970)...........................................................................8

*United States v. Gotti*,
    755 F. Supp. 1157 (E.D.N.Y. 1991) ................................................................10

*Voices for Choices v. Ill. Bell Tel. Co.*,
    339 F.3d 542 (7th Cir. 2003) ....................................................................6, 7, 8

*WildEarth Guardians v. Zinke*,
    368 F. Supp. 3d 41 (D.D.C. 2019)....................................................................7

**Other Authorities**

Linda Sandstrom Simard, *An Empirical Study of Amici Curiae in Federal Court: A Fine Balance of Access, Efficiency, and Adversarialism*, 27 Rev. Litig. 669 (2008).............................................................8

**Rules**

Fed. R. App. P. 29 advisory committee's note to 1998 Amendment ........................2

Fed. R. App. P. 29(a)(3)..............................................................................................2

Sup. Ct. R. 37.1 ..........................................................................................................2

## INTRODUCTION

The New York State Trial Lawyers Association ("NYSTLA")—which describes itself as "a bar association" of trial lawyers "formed by and on behalf of plaintiffs' attorneys," such as Plaintiff-Appellant Charles Oakley's counsel here—has moved to appear as amicus and submit a brief supporting Oakley's appeal seeking to overturn the dismissal of his two claims that survived this Court's review. Aff. Supp. Mot. N.Y. State Trial Lawyers Ass'n to File Amicus Br. ("Sells Aff.") ¶ 3, Dkt. 34. NYSTLA's proposed amicus brief largely mirrors Oakley's: it raises no new arguments, and it fails to distinguish its contentions in any way from the case being made to the Court by Oakley's counsel. Rather, this proposed amicus brief so closely tracks Oakley's—even parroting a new argument never raised below and therefore waived—that it would add nothing to this appeal. It comes as no surprise that a plaintiff's trial lawyer group supports cases going to trial, but there is nothing about that advocacy position that distinguishes this case from any other case in which the district court grants summary judgment dismissing the action. If that alone justified amicus status, NYSTLA could appear in every appeal of a case dismissed on summary judgment simply because the case did not go to trial. But other than that preference, NYSTLA articulates no special interest whatsoever here that would justify awarding it special status to weigh in on this appeal. Indeed, this proposed brief would only burden the Court with duplicative arguments and with assertions

1

that are contrary to the record in this case. In light of these deficiencies, Defendants respectfully request that this Court deny NYSTLA's motion.

## LEGAL STANDARDS

Federal Rule of Appellate Procedure 29 sets forth the requirements governing amicus filings: the movant must state "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3). The Advisory Committee notes explain that the rule was amended to require a statement of the relevance of the matters asserted to the disposition of the case "[b]ecause the relevance of the matters asserted by an amicus is ordinarily the most compelling reason for granting leave to file." Fed. R. App. P. 29 advisory committee's note to 1998 Amendment, subdiv. (b). Further, the Advisory Committee cites, by way of explanation for the rule change, Supreme Court Rule 37.1, which in its current form provides:

> An *amicus curiae* brief that brings to the attention of the Court relevant matter not already brought to its attention by the parties may be of considerable help to the Court. An *amicus curiae* brief that *does not serve this purpose burdens the Court, and its filing is not favored*.

Sup. Ct. R. 37.1 (emphasis added).

The Advisory Committee notes also underscore that "an amicus brief is supplemental" and "should treat only matter not adequately addressed by a party." Fed. R. App. P. 29 advisory committee's note to 1998 Amendment, subdiv. (d). Accordingly, a motion for leave to file an *amicus curiae* brief should be denied if it

2

"merely duplicates the brief of one of the parties." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000).

## ARGUMENT

The pending appeal in this case presents a straightforward question: did the district court properly conclude, based on the "[e]xtensive video footage document[ing] the altercation" (SPA-1), that there is no genuine dispute of material fact that Madison Square Garden security guards did not use objectively unreasonable force to remove Charles Oakley from Madison Square Garden? As Appellees will demonstrate in their merits brief, Oakley's assault and battery claims have no more merit than his defamation, slander, abuse of process, and denial of public accommodation claims, the dismissal of which this Court has already affirmed. The proposed amicus brief by NYSTLA sheds no new light on the question at issue, and NYSTLA's motion for leave to file as *amicus curiae* should be denied.

**I. NYSTLA'S PROPOSED AMICUS BRIEF IS DUPLICATIVE OF OAKLEY'S BRIEF**

NYSTLA's brief fails to clear the basic hurdle for leave to file an amicus brief, as it "merely duplicates" Oakley's brief. *Nat'l Org. for Women*, 223 F.3d at 617. Specifically, the amicus brief identifies as its focus two legal arguments, both of which have already been fully addressed by Oakley's brief (and are, in any event, contrary to law).

3

*First*, the amicus brief argues that the district court "erred when it relied on *Scott*[ *v. Harris*] and analyzed the summary judgment motion 'in the light depicted by the videotape' instead of in the light most favorable to the non-movant." Br. for *Amicus Curiae* N.Y. State Trial Lawyers Ass'n ("NYSTLA Br.") at 10, Dkt. 34, ex. A. As a preliminary matter, this argument is contrary to the Supreme Court's clear mandate in *Scott v. Harris* that on summary judgment, courts must "*view[] the facts in the light depicted by the videotape*." 550 U.S. 372, 381 (2007) (emphasis added). It also ignores numerous cases from this Court, and from within this Circuit, that have granted summary judgment based on video evidence that was far less comprehensive than the video evidence at issue here. *See, e.g.*, *Marcavage v. City of New York*, 689 F.3d 98, 110 (2d Cir. 2012); *Kalfus v. N.Y. & Presbyterian Hosp.*, 476 F. App'x 877, 880–81 (2d Cir. 2012); *Patterson v. Johnson*, 2021 WL 4200699, at *7–8 (S.D.N.Y. Aug. 18, 2021). But putting these infirmities aside, the *Scott*-based argument is entirely duplicative of Oakley's primary argument that "the District Court erroneously relied on *Scott v. Harris*, 550 U.S. 372 (2007), to make factual determinations that were the exclusive province of the jury." Br. for Pl.-Appellant ("Oakley Br.") at 11, Dkt. 29; *see also id.* at 21–32.

*Second*, the NYSTLA identifies the fact that "the District Court granted summary judgment on Mr. Oakley's assault and battery claims before *any* discovery in this matter was permitted" as the other purported legal deficiency motivating the

4

submission of the amicus brief. NYSTLA Br. 2. Yet this is also an argument extensively covered in Oakley's brief. *See* Oakley Br. 33–40. Moreover, as with the challenges to *Scott v. Harris*, it is an argument that is entirely lacking in merit. As the district court noted, "neither the Second Circuit nor the Supreme Court has ever articulated" that "summary judgment based on any video evidence is improper where . . . there has been no additional discovery." (SPA-8 (emphasis omitted).) To the contrary, courts routinely grant summary judgment prior to discovery where there is video evidence that "blatantly contradict[s]" the allegations in the plaintiff's complaint. *Angulo v. Brown*, 978 F.3d 942, 950–52 (5th Cir. 2020); *see also, e.g.*, *Aldridge v. City of Warren*, 682 F. App'x 461, 463–65 (6th Cir. 2017); *Smith v. United States*, 843 F.3d 509, 512–15 (D.C. Cir. 2016).

The additional points raised in the proposed amicus brief likewise fail to venture beyond the four corners of Oakley's brief. The amicus brief parrots Oakley's counterfactual interpretation of the video evidence, *compare* NYSTLA Br. 6–7, *with* Oakley Br. 4–6, 14–16, but nevertheless manages to get certain core facts wrong, such as its false claim that Oakley's removal "did not involve police officers." NYSTLA Br. 10. In fact, police officers were present throughout the removal, which ended in his arrest. (A-379–80, A-384–89.) The amicus brief also raises the same purported questions regarding the reliability of video evidence— based, as Oakley's argument is, on law review articles and similar academic

5

publications, and contrary to the Supreme Court's directive in *Scott v. Harris*—that Oakley raises in his brief. *Compare* NYSTLA Br. 22–28, *with* Oakley Br. 23–26. And the amicus brief even repeats Oakley's new argument—raised for the first time on appeal more than five years after the incident and unsupported by any of the three filed or proposed versions of Oakley's complaint or by Oakley's affidavit—that the mere fact that MSG security guards purportedly "put [Oakley] into fear," NYSTLA Br. 17, is sufficient to support a cause of action for assault. *Compare id.*, *with* Oakley Br. 15. That argument is meritless and, in any event, is waived. *See, e.g.*, *Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34, 50 (2d Cir. 2015) ("[A]rguments not presented to the district court are considered waived . . . ."); *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 163 (2d Cir. 2011) (same).

In short, NYSTLA's proposed amicus appears to be little more than an attempt to repeat and amplify Oakley's contentions, burdening this Court with duplicative arguments and serving to evade the page limits on Appellant's brief. *See Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. 2003) (Posner, J., in chambers) (explaining that the court "will deny permission to file an amicus brief that essentially duplicates a party's brief," because, among other reasons, "amicus briefs, often solicited by parties, may be used to make an end run around court-imposed limitations on the length of parties' briefs"); *see also, e.g.*, *Glassroth v. Moore*, 347 F.3d 916, 919 (11th Cir. 2003) ("[W]e suspect that amicus briefs are

6

often used as a means of evading the page limitations on a party's briefs."). Because the proposed amicus's "arguments largely mirror Plaintiff['s] arguments," the motion for leave to file an amicus brief should be denied. *WildEarth Guardians v. Zinke*, 368 F. Supp. 3d 41, 57 (D.D.C. 2019).

## II. NYSTLA'S PROPOSED AMICUS BRIEF DOES NOT OFFER ANY UNIQUE PERSPECTIVE APART FROM THAT OF OAKLEY AND HIS COUNSEL

NYSTLA is an organization composed "by and on behalf of plaintiffs' attorneys" (Sells Aff. ¶ 3)—a description that includes Oakley's counsel. Unsurprisingly, therefore, the only perspective that the proposed amicus brief offers is the same perspective offered in Oakley's brief, which is hardly a "unique" perspective. As Judge Posner has explained:

> [T]he criterion for deciding whether to permit the filing of an amicus brief should be . . . whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs. The criterion is more likely to be satisfied in a case in which [i] a party is inadequately represented; or [ii] in which the would-be amicus has a direct interest in another case that may be materially affected by a decision in this case; or [iii] in which the amicus has a unique perspective or specific information that can assist the court beyond what the parties can provide.

*Voices for Choices*, 339 F.3d at 545. None of these circumstances is present here.

The same ideas, arguments, and theories advanced by NYSTLA have already been advanced by Oakley. *See supra* Part I. Nor does the organization offer any "unique perspective or specific information . . . beyond what the parties can

7

provide." *Voices for Choices*, 339 F.3d at 545; *see also, e.g.*, *Georgia v. Ashcroft*, 195 F. Supp. 2d 25, 33 (D.D.C. 2002) (three-judge court) (denying a motion for leave to file an amicus brief where "[t]he ACLU has presented no unique information or perspective that can assist the court in this matter"), *vacated on other grounds*, 539 U.S. 461 (2003). Oakley is also adequately represented and does not need "supplementing assistance" from NYSTLA. *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).

NYSTLA asserts that the district court's decision regarding video evidence "would impact a substantial number of excessive force, police shooting and other police brutality cases," NYSTLA Br. 4, but NYSTLA does not appear to ever have been a party to any such litigation, and to the extent it represents the interests of its members, its members are plaintiffs' attorneys, not litigants. Additionally, NYSTLA does not, and cannot, identify any other case in which it has a direct interest that may be materially affected by a decision in this case, which turns on the application of settled law—principally, *Scott v. Harris*—to the unique facts of this case. This lawsuit is not a public law litigation "focused on the vindication of constitutional or statutory policies" and "affecting the body politic." Linda Sandstrom Simard, *An Empirical Study of Amici Curiae in Federal Court: A Fine Balance of Access, Efficiency, and Adversarialism*, 27 Rev. Litig. 669, 673–74

(2008). Instead, it is a classic "private dispute[]," as to which non-party participation serves little to no purpose. *Id.* at 673.

Bringing no new information to the Court's attention, NYSTLA is acting not as a "friend of the court," but as a friend of Oakley. NYSTLA effectively admits that it is acting in concert with Oakley's counsel when it states that "*[h]aving watched the video footage ourselves*, the NYSTLA believes that Mr. Oakley has raised a question of fact regarding whether he was unreasonably pushed to the ground . . . ." NYSTLA Br. 27 (emphasis added). The video evidence, some of which is internal Madison Square Garden security camera footage, was submitted to the Court and served by Defendants on opposing counsel in the form of a CD; it is not readily accessible on the Court's docket, and was likely provided to NYSTLA by Oakley's counsel.

Furthermore, NYSTLA's brief overtly and improperly advocates on behalf of Oakley: it repeatedly attacks the supposedly "hand-selected" or "self-selected" videos submitted by Defendants, NYSTLA Br. 4, 24; it nonsensically asserts that Defendants somehow were able to "obtain an early dismissal" before "[]either side has had the opportunity to tell their 'story'" (ignoring that this litigation has proceeded for well over four years with multiple rounds of briefing), *id.* at 20, 29; and it repeats flatly counterfactual assertions from Oakley, such as the claim that "Mr. Oakley certainly made no attempt to resist," and "passively allow[ed] himself

9

to be escorted," *id.* at 7, 14. If anything, the amicus brief only serves to burden and misdirect the Court, as when it suggests that the district court reached its decision based on a "single piece of evidence," *id.* at 20, or on footage from "a single actor," *id.* at 26, when, in fact, Defendants submitted footage from different angles and multiple sources, including the live broadcast from *ESPN*, fan videos that were submitted to *The New York Times* and YouTube, and internal security footage.

In sum, NYSTLA does not offer "an objective, dispassionate, neutral discussion of the issues." *United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991). Rather, "it is apparent that the [NYSTLA] has come as an advocate for one side, having only the facts of one side at the time." *Id.* NYSTLA's brief accordingly "does the court, itself and fundamental notions of fairness a disservice." *Id.*; *accord Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993) ("When the party seeking to appear as *amicus curiae* is perceived to be an interested party or to be an advocate of one of the parties to the litigation, leave to appear [as] *amicus curiae* should be denied.").

## CONCLUSION

The New York State Trial Lawyers Association's motion for leave to file an *amicus curiae* brief should be denied.

/s/ Randy M. Mastro

Randy M. Mastro
Akiva Shapiro
Declan T. Conroy
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
(212) 351-4000

*Attorneys for Defendants-Appellees*

11

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This brief complies with the length limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because the principal part of this brief contains 2,519 words; and

2. This brief complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E), the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word from the Microsoft Office Professional Plus 2016 suite in 14-point Times New Roman font.

Dated: March 24, 2022       */s/ Randy M. Mastro*
                Randy M. Mastro