# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Randy M. Mastro
Partner
Direct Dial: +1 212 827 4019
Direct Fax: +1 212 556 2222
RMastro@kslaw.com

January 9, 2023

**VIA ECF**

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
(212) 857-8500

Re: *Oakley v. Dolan*, No. 21-2939

Dear Ms. O'Hagan Wolfe:

I write as Appellees' counsel in response to Appellant Charles Oakley's purported Rule 28(j) letter. *See* Dkt. No. 79-1. That submission is improper in that it fails to provide any "citation" to any "significant authority," let alone the "reasons for [any] supplemental citations." Fed. R. App. P. 28(j). Instead, the letter aims to shoehorn into this appellate record a host of misleading materials irrelevant to this appeal from the district court's decision granting summary judgment. The Court should reject Appellant's letter on that basis alone.

"Under Rule 28(j), only pertinent and significant *authorities* that come to a party's attention after the party's brief has been filed . . . may be added to the record on appeal." *DiBella v. Hopkins*, 403 F.3d 102, 118 (2d Cir. 2005) (alterations omitted). "The Rule *cannot* be used to submit new *evidence* to the appeals court." *Id.* Accordingly, this Court (and other courts of appeals) have stricken letters attempting to do so under the auspices of Rule 28(j). *See, e.g.*, *id.*; *Manley v. Rowley*, 847 F.3d 705, 710 n.2 (9th Cir. 2017) (striking Rule 28(j) letter that "offers no new authorities, but rather seeks to supplement the record with new evidence"). The Court should do the same here.

Appellant's counsel's passing mention of *Hutcher v. Madison Square Garden Ent. Corp.*, Index No. 653793/2022 (Sup. Ct. N.Y. Cnty.), does nothing to cure the defects in his Rule 28(j) letter. To start, *Hutcher* is irrelevant: it involves a New York Civil Rights Law ("CRL") § 40-b claim, which Oakley never brought. Nor could he. Indeed, Appellant's counsel is tellingly silent on the state court's ruling in *Hutcher* that CRL § 40-b does ***not*** apply to "[s]porting events" (such as the Knicks game from which Oakley was ejected). *See* Ex. A. Nor does it provide any protection whatsoever for patrons who disturb the peace at the venue (as Oakley did by, among other things, assaulting security guards, all captured on videotape). *See id.*; CRL § 40-b. For these reasons, Appellant's Rule 28(j) letter has no relevance to this appeal and should be rejected.

Respectfully,

*/s/ Randy M. Mastro*

Randy M. Mastro

cc: Counsel of Record (via ECF)