# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

March 7, 2023

Randy M. Mastro
Partner
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

**VIA ECF**

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
(212) 857-8500

     Re:  *Oakley v. Dolan*, No. 21-2939

Dear Ms. O'Hagan Wolfe:

I write as Appellees' counsel in response to Appellant Charles Oakley's counsel's March 1 letter regarding certain video files that are part of the appellate record in this case.  *See* Dkt. No. 105. Specifically, he refers to Appellees' internal security video that captured all in attendance for the entirety of the New York Knicks game relevant to this appeal, as well as the proprietary software that permits the Court to review that video and dynamically zoom in on Oakley during the entirety of the time he was present in the arena that night.  *See id.*

Appellant's counsel, apparently responding to the Court's request, advise that this video "cannot be converted into an .mp4 file while maintaining the ability to zoom in on events relevant to this case."  *Id.*  But the Court should still be able to review Appellees' internal security video based on what's already in this appellate record.  Indeed, as Appellant's counsel acknowledges, this video and the proprietary software used to view it are both part of the appellate record, *see* Dkt. No. 26 at A-121, as is a static version of that video, *see* Dkt. No. 27 at A-366 to 367. Furthermore, the internal security video and proprietary software were provided to this Court in Appellant's prior appeal, so they are available there as well.  *See Oakley v. Dolan*, No. 20-642, Dkt. No. 33-1 at A-66.  And the district court was able to view the video and confirmed that in its opinion dismissing this case on summary judgment.  *See Oakley v. MSG Networks*, No. 17 Civ. 6903 (RJS), 2021 WL 5180229, at *5 (S.D.N.Y. Nov. 8, 2021) (Sullivan, J.).

We, of course, very much want this Court to be able to view this internal security video evidence as well, as we have argued the collective video evidence is dispositive here.  If, for any reason, the Court is unable to access this internal security video in full, we respectfully request that the Court let us know; we will endeavor to take whatever steps we can to ensure that the Court has full access to the internal security video and the proprietary software necessary to zoom in on Oakley and witness his actions during the entirety of his time in the arena on the night in question.

     Respectfully,

     */s/ Randy M. Mastro*

     Randy M. Mastro

cc: Counsel of Record (via ECF)